In re Charles E. BLESSING, Bankrupt.

**RONALD P. HARDING PAVING CO., INC.**

**v.**

**Robert E. BENNETT, Kathleen A. Blessing and Charles E. Blessing, Defendants.**

**No. IP–75–4157–B.**

United States District Court,
S. D. Indiana,
Indianapolis Division.

Dec. 19, 1977.

Harold E. Bean, Jr., Yaeger, Foley & McLin, Indianapolis, Ind., James W. Bradford, Indianapolis, Ind., for appellant.

Richard S. Ewing, Stewart, Irwin, Gillion, Fuller & Meyer, Indianapolis, Ind., for appellees.

## MEMORANDUM OF DECISION AND ORDER

STECKLER, Chief Judge.

This matter is before the District Court for review of the decision of the Bankruptcy Court holding that a judgment awarded in a civil action for damages based upon a violation of the Deceptive Practices section of the Indiana Offenses Against Property Act, Ind.Code 35–17–5–10 (Burns 1975), is a nondischargeable debt under § 17a(2) of the Bankruptcy Act, 11 U.S.C. § 35a(2).

Charles E. Blessing [hereinafter referred to as Blessing] signed checks from the account of Bob's Paving Co., Inc. payable to the order of Ronald P. Harding Paving Co., Inc. [hereinafter referred to as Harding]. The checks were not paid due to insufficient funds in the account, and Harding subsequently filed suit in the Marion Superior Court. After a summary judgment hearing in which Blessing appeared pro se, Harding was awarded triple damages in the sum of $30,228.90 for Blessing's violation of Ind.Code 35–17–5–10 (Burns 1975),[1] which makes it a crime to issue a check for the payment of money or property knowing that it will not be paid. The statute provides that the fact that the drawer has insufficient funds creates an inference that the actor knew the check would not be paid.

Blessing subsequently filed a voluntary petition in bankruptcy. Harding then filed its Complaint to Determine Dischargeability of Debts.

---

1. Ind.Code 35–17–5–10 (Burns 1975) states, in part:

   "Deceptive Practices—A person commits a crime when . . . .
   (2) he issues or delivers a check or other order upon a credit institution or person for the payment of money or other property, knowing that it will not be paid or honored by the drawee. The fact that the drawer has insufficient funds in or has no account with the drawee credit institution shall create an inference that the actor knew that it would not be paid or honored by the depositor. However, in the event the maker or drawer has an account in such credit institution but does not have sufficient funds in said account, he shall not have committed a crime

   under this section of the chapter if he shall have paid the drawee thereof the amount due thereon, together with protest fees, within ten [10] days after receiving written notice that such check, draft, or order has not been paid by the drawee."

   Ind.Code 35–17–5–12 (Burns Supp.1976) states, in part:

   "(7) Any person who is injured or damaged by an unlawful act as defined in this chapter shall have a civil action and if he recovers any money damages, shall receive threefold the amount of actual damages established therein as sustained by him, together with the costs of the action, including a reasonable attorney's fee."

The Bankruptcy Court first denied Harding's motion for summary judgment. However, Harding filed a copy of the transcript of the state court proceedings and was granted a motion for reconsideration. The Bankruptcy Court then granted Harding's motion for summary judgment, holding the debt to be nondischargeable under § 17a(2) of the Bankruptcy Act. Included in the Bankruptcy Court's Findings of Fact is the following:

"13. That the aforementioned debts owing to Ronald P. Harding Paving Company, Inc., by the bankrupt, Charles E. Blessing, were determined by the Marion Superior Court to be a liability for obtaining property by false pretenses or false representations and were found by the Marion Superior Court to be in violation of the criminal laws of the State of Indiana."

Blessing appeals from the decision of the Bankruptcy Court on summary judgment.

Section 17a(2) of the Bankruptcy Act excepts from a discharge provable debts which

"(2) are liabilities for obtaining money or property by false pretenses or false representations, or for obtaining money or property on credit or obtaining an extension or renewal of credit in reliance upon a materially false statement in writing respecting his financial condition made or published or caused to be made or published in any manner whatsoever with intent to deceive, or for willful and malicious conversion of the property of another."

Although the term "fraud" does not appear in the present version of § 17a(2), courts have applied the language respecting fraud to the exception of obtaining property by false pretenses. 1A Collier on Bankruptcy ¶ 17.16[3] at 1634. Whereas state courts have previously construed § 17a(2), the effect of the 1970 amendments to the Bankruptcy Act is to give the bankruptcy court exclusive jurisdiction over such actions. 1A Collier on Bankruptcy ¶ 17.16[6] at 1650. Thus, federal courts have recently construed fraud for the purpose of § 17a(2)

dischargeability. *See, e. g., In re Dolnick*, 374 F.Supp. 84 (N.D.Ill.1974). *In re Dolnick* states the following:

"In order for Section 17, sub. a(2) to bar a discharge, the party alleging fraud must meet the requirements of proving positive fraud. That is, the alleged fraudulent representations must have been made with an intent to deceive and defraud, and the creditor must have relied on the representations in acting to his prejudice." 374 F.Supp. at 90.

Another court states that there must be a showing of fraudulent intent or reckless disregard for the truth tantamount to willful misrepresentation. *Wright v. Lubinko*, 515 F.2d 260, 263 (9th Cir. 1975). In other words, the party alleging fraud must prove actual or positive fraud, not merely fraud implied by law; moreover, this fraud is the type involving moral turpitude or intentional wrong, and thus there can be no mere imputation of bad faith. *In re Taylor*, 514 F.2d 1370 (9th Cir. 1975).

In their briefs and oral argument before this Court the parties dealt extensively with the issue of whether the judgment in the Marion Superior Court was based on fraud. Blessing contends that the state court action, based upon the right to sue civilly for a violation of a criminal theft statute, does not have the same elements as a cause of action for fraud. Harding asserts that by awarding a judgment in accordance with the state criminal statutes, the state court made a nonambiguous statement that the judgment was based on fraud. The Bankruptcy Court apparently concluded that the Marion Superior Court determined that the debts were a liability for fraud.

It is arguable that the state court did not make a finding of actual fraud, inasmuch as the evidence against Blessing rested primarily on the statutory inference that the issuer of insufficient funds checks knew that the checks would not be paid. Ind. Code 35–17–5–10.

However, even if some of the necessary facts under § 17a(2) were the basis for the state court judgment, the underlying facts should be relitigated in the Bankruptcy

Court on the issue of dischargeability. As Collier on Bankruptcy states:

"The judgment in question is based on a liability that falls within the scope of § 17a(2). When it reaches the bankruptcy court the issue is one of dischargeability and not one of liability. While liability may have been adjudicated, the nondischargeability of the liability has not been adjudicated. For the purpose of determining the dischargeability of the liability, the bankruptcy court should be able to base its findings on the facts relevant under § 17a(2) and not be bound by the findings of the state court. Furthermore, if the bankrupt were barred from relitigating those issues, the effect of the 1970 legislation of strengthening the discharge in bankruptcy would be greatly dissipated." 1A Collier on Bankruptcy ¶ 17.16[6] at 16.50.2.

This Court finds the reasoning in Collier on Bankruptcy persuasive and therefore will reverse the decision of the Bankruptcy Court. Bankruptcy Rule 810, governing disposition of appeal, provides as follows:

"Upon an appeal the district court may affirm, modify, or reverse a referee's judgment or order, or remand with instructions for further proceedings. The court shall accept the referee's findings of fact unless they are clearly erroneous."

The Court holds that the findings of the Bankruptcy Court were clearly erroneous, inasmuch as they state that the Marion Superior Court determined that Blessing's liability was for obtaining property by false pretenses or false representations. On remand, the Bankruptcy Court should hear evidence and determine for itself whether the liability is one that precludes dischargeability, according to the definition of fraud for the purposes of § 17a(2). Accordingly, the judgment of the Bankruptcy Court is REVERSED and REMANDED.