**In re Sonny LA BRANT, individually and as President of Dearborn Development Company, and Pioneer Properties, Inc., Debtor.**

**Hanne VESSEL, doing business as HTH Northshore, Plaintiff,**

**v.**

**Sonny LA BRANT and Dearborn Development Company, Defendant.**

**Bankruptcy No. 80 B 961.
Adv. No. 80 A 246.**

United States Bankruptcy Court,
N. D. Illinois, E. D.

Sept. 20, 1982.

Robert Steinbock-Sinclair, Osk Brook, Ill., for plaintiff.

Martin J. Hauselman, Liebling & Hauselman, Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

EDWARD B. TOLES, Bankruptcy Judge.

This matter coming on to be heard upon the complaint of Hanne Vessel, doing business as HTH Northshore [Plaintiff], represented by Robert Steinbock-Sinclair, pursuant to Section 523 of the Bankruptcy Code [Code] to determine the dischargeability of debt claimed to be nondischargeable pursuant to Clauses Two and Six of Section 523(a) of the Code, and upon the answer thereto of the Debtor, Sonny La Brant, individually and as President of Dearborn Development Company, and Pioneer Properties, Inc. [Defendant], represented by Martin Hauselman, Attorney at Law, and

The Court having examined the pleadings filed in this matter, having received and examined the evidence adduced, having heard the testimony of witnesses and arguments of counsel, and the Court being fully advised in the premises;

The Court Finds:

1. The Defendant was engaged in the business of land development and home construction as the principal stockholder of Dearborn Development Company and Pioneer Properties, Inc. Dearborn Development Company was incorporated in 1975, and Sonny La Brant and his wife, Barbara La Brant, were the sole officers. Defendant constructed a residence commonly known as 1219 East Waverly Place, Arlington Heights, Illinois. Said residence was sold to Mr. and Mrs. Aaron Levine in June 1979. Plaintiff is engaged in the business of importing and installing kitchen cabinets and vanities from Denmark. Plaintiff supplied the kitchen cabinets and bathroom vanities for said residence, but was not paid for said services from the sale proceeds.

2. On December 7, 1979, Plaintiff obtained a judgment against Defendant in the Circuit Court of Cook County, Illinois, Case No. 79 M 2568 in the amount of $4,073.54. Said judgment was memorialized as a final judgment on February 1, 1980. On January 25, 1980, the debtor filed a Chapter 7 and listed Plaintiff on Schedule A–3 as follows:

| Hanne Vessel d/b/a HTH North Shore | Goods, wares and merchandise | $3,700.00 |
|---|---|---|

On February 27, 1980, Plaintiff filed a complaint to determine dischargeability, and on June 19, 1980, filed an amended complaint. On October 21, 1980, Defendant filed an answer.

3. At the trial held on the amended complaint to determine dischargeability, Plaintiff presented testimony and documentary evidence [Plaintiff's Exhibits 1–9 received in evidence.] Defendant represented by counsel cross-examined Plaintiff's witnesses but did not present any testimony or exhibits on his behalf.

4. Plaintiff testified that she made several demands upon Defendant for payment for the cabinets and threatened to file a mechanic's lien. Plaintiff testified that Defendant promised payment upon closing, and stated that if a lien was filed the closing would be delayed. Plaintiff testified that Defendant did not notify her of the date of closing, and that she delayed filing a lien in reliance on Defendant's representation that payment would be made after closing.

5. Mr. Levine testified that at the real estate closing he paid sums over and above the purchase price of the subject property for the purchase and installation of kitchen cabinets by Hanne Vessel. Mr. Levine testified that the Defendant, himself, Mr. Hauselman, a closing officer and a Miss Helen Shapiro were present at said closing held at Chicago Title & Trust. Mr. Levine testified that the Sworn Contractor's Statement presented by Defendant at the closing

showed a company known as KDA as the supplier of the cabinets and vanity, and that the error was recognized by Defendant who then referred to additional documents listing Plaintiff as the supplier. Mr. Levine testified that Defendant assured him that Plaintiff would be paid from the proceeds realized at the closing.

The Court Concludes and Further Finds:

1. Debts based upon false representations or willful and malicious conversion under Section 523(a)(2) and (6) of the Bankruptcy Code are excepted from the discharge as follows:

> (a) A discharge under Section 727, 1141, or 1328(b) of this Title does not discharge an individual debtor from any debt—
>> (2) for obtaining money, property or services, or an extension, renewal, or refinance of credit, by—
>>> (A) false pretenses, a false representation, or actual fraud . . .
>> (6) for willful and malicious injury by the debtor to another entity or to the property of another entity. . .

■ 2. In order to except a debt from discharge under Section 523(a)(2) of the Bankruptcy Code and its predecessor Section 17a(2) of the Bankruptcy Act, the creditor must establish the following: the bankrupt made a representation, at the time the representation was made the bankrupt knew it was false; the representation was made with intent to deceive; the creditor reasonably relied on the representation; and, damage was sustained as a result of the representation. *In re Garman,* 625 F.2d 755, 761 (7th Cir. 1980); *In re Matera,* 592 F.2d 378 (7th Cir. 1979); *In re Dolnick,* 374 F.Supp. 84 (N.D.Ill.1974); *In re Blessing,* 442 F.Supp. 68 (S.D.Ind.1977); *In re Taylor,* 514 F.2d 1370 (9th Cir. 1975); *In re Wright,* 515 F.2d 260 (9th Cir. 1975); 1A, Collier on Bankruptcy, Sec. 17.16 p. 1634–36 (14th Ed.). A statement that is erroneous, but is not made with intent to deceive is not a false statement. *In re Dolnick,* at 90. It has been held, however, that where an individual knowingly or recklessly makes a false representation which the individual knows or should know will induce parties to extend credit, intent to deceive may be logically inferred. *In re Nelson,* 561 F.2d 1342, 1346–47 (9th Cir. 1977). It is the rule that once a creditor establishes a *prima facie* case of fraud the burden of coming forward with proof or explanation of the alleged fraud shifts to the debtor. *In re Taylor, supra* at 1373.

■ 3. In order to except a debt from discharge for willful and malicious injury to property under Section 523(a)(6) of the Bankruptcy Code and its predecessor under Section 17a(2) of the Bankruptcy Act, the debtor's action must have been malicious (wrongful and without just cause or excessive) and willful (deliberate or intentional). *In re Meyer,* 7 B.R. 932 (Bkrtcy.N.D.Ill. 1981); *In re Bryson,* 3 B.R. 593 (Bkrtcy.N. D.Ill.1980); *In re Gumieny,* 8 B.R. 602 (Bkrtcy.E.D.Wisc.1981); *In re Nance,* 556 F.2d 602 (1st Cir. 1977); *In re Hickman,* 410 F.Supp. 528 (W.D.Mo.1976); *In re Amador,* 596 F.2d 428 (10th Cir. 1979); 1A, Collier on Bankruptcy, Sec. 17.17 at 1650.4 (14th Ed.). 3, Collier on Bankruptcy, Chap. 523, Sec. 523.16, at p. 523–115 (15th Ed.). Courts have held that debtors' disposal of encumbered property by sale or abandonment, in the absence of proof of intent, does not constitute willful and malicious conversion of property. *Miss. Loan Corp. v. Boyd,* 1 Ill.App.3d 927, 274 N.E.2d 825, 827 (1st Dist. 1971); *In re Frisby,* 444 F.Supp. 227, 228 (S.D.Miss.1976); *In re Love,* 577 F.2d 344, 348 (5th Cir. 1978).

■ 4. From the testimony presented it must be concluded that Defendant knowingly and intentionally made false representations regarding payment of the debt to Plaintiff. It must be concluded from the evidence adduced that Defendant willfully and maliciously converted the property of Plaintiff to his own use. The evidence shows that Defendant knew that sums were due Plaintiff for work duly performed. Yet Defendant engaged in a course of activities to hinder and delay the collection of the debt by making false representations to the Defendant and the purchasers of the home, and but for Defendant's fraud Plain-

tiff could have filed a timely mechanic's lien and protected her interest. Defendant knew the cabinets were not paid for at the time of closing yet he made representations that Defendant would be paid from the proceeds, failed to properly list Plaintiff on the Sworn Statement and concealed the date of the closing from Defendant. In this manner Defendant willfully and maliciously converted Plaintiff's property.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the complaint of the Plaintiff, Hanne Vessel, doing business as HTH Northshore, against the Defendant, Sonny La Brant and Dearborn Development Company, made pursuant to Section 523(a)(2) and (6) of the Bankruptcy Code, be, and the same is hereby granted, and that the debt of the Defendant, Sonny La Brant and Dearborn Development Company, be, and the same is hereby declared to be nondischargeable pursuant to Section 523 of the Bankruptcy Code.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Plaintiff, Hanne Vessel, doing business as HTH Northshore, recover from the Defendant, Sonny La Brant, individually and as President of Dearborn Development Company and Pioneer Properties, Inc., the sum of $4,073.54.