In re Ervin KANAK, Debtor.

Edward F. MORGAN, Jr., Plaintiff,

v.

Ervin KANAK, Defendant.

KANAK CORPORATION and Ervin Kanak, Counter–Plaintiffs,

v.

Edward F. MORGAN, Jr., Counter–Defendant.

Bankruptcy No. 86 B 8520.
Adv. No. 86 A 947.

United States Bankruptcy Court, N.D. Illinois, E.D.

March 16, 1988.

Arthur G. Jaros, Jr., Richter & Jaros, Oak Brook, Ill., for plaintiff.

Jacqueline A. Criswell, Tressler, Soderstrom, Maloney & Priess, Chicago, Ill., for debtor/defendant.

## MEMORANDUM OPINION AND ORDER ON PLAINTIFF'S MOTIONS FOR AMENDMENT OF THE PLEADINGS AND SANCTIONS

JACK B. SCHMETTERER,
Bankruptcy Judge.

Plaintiff moves to Amend Pleadings to conform to proofs and also to file an Amendment to Complaint pursuant to Bankruptcy Rule 7015(b) and F.R.Civ.P. 15(b). Also, Plaintiff seeks Sanctions against Defendant and its counsel in accordance with Bankruptcy Rule 9011 and F.R.Civ.P. 11. Defendant has also requested sanctions under those rules.

This Court completed the trial on December 31, 1987, and both sides rested and gave oral argument. Plaintiff argued a theory of damages which rested in part on the Illinois Consumer Fraud and Deceptive Business Practices Act which had not been pleaded or earlier mentioned to the Court in the case. While counsel for the parties may have earlier discussed Plaintiff's consideration of pleading the Illinois Act,[1] such pleading was not offered until after trial ended. The Court indicated that relief under that Act would not be allowed, and requested draft Findings of Fact and Conclusions of Law and Judgment Order granting less relief than Plaintiff argued for. Plaintiff therefore moved to amend his Complaint after trial. Because such amendment if granted would affect the ultimate outcome, the Court withheld entry of Findings, Conclusions, and Judgment Order. For reasons set forth below, the request to amend Complaint is denied. The Court is therefore issuing this date Findings, Conclusions, and Judgment in accord with the oral ruling from the bench at the close of trial.

Plaintiff also moved for sanctions under Rule 11 F.R.Civ.P., Bankr.R. 9011, for an assertedly false pleading. Defendant has requested sanctions under the same rules for an assertedly frivolous Rule 11 motion. For reasons set forth below, those motions are also denied.

## RELEVANT FACTS AND PLEADINGS

Ervin Kanak ("Defendant" or "Debtor"), was the sole shareholder and principal officer of Kanak Corporation. This business was engaged in the business of selling and installing custom kitchens for homeowners. On April 11, 1985, Edward F. Morgan, Jr. ("Plaintiff") and Kanak Corp. entered into a written contract wherein Plaintiff was to have a home kitchen and cabinets installed by July 4, 1985. The cabinets ordered by Plaintiff were to be custom made by the Quaker Maid Company upon being ordered by Kanak Corporation.

Thereafter, Debtor/Defendant executed and filed a materially false contractor's affidavit on April 15, 1985, with the escrowee of Plaintiff's funds. On the strength of this affidavit, the escrowee disbursed $12,000 of Plaintiff's funds. Additional details

---

**1.** Defense counsel does not contradict the affidavit of movant's counsel who states he told opposing counsel on December 22, 1987, that he would seek attorneys fees, but denies that counsel mentioned the particular Illinois Act in that talk.

and findings are contained in Findings of Fact and Conclusions of Law entered this date and incorporated by this reference.

Plaintiff sued here to bar dischargeability of the alleged debt for $12,000 pursuant to 11 U.S.C. § 523(a)(2)(A). Plaintiff's motion for Summary Judgment was denied in an Opinion entered by this Court on May 21, 1987, and the case was set for trial.

Trial was completed on December 31, 1987. After the trial ended, Plaintiff moved to amend his Complaint to add a cause of action under Sections 2 and 10a of the Illinois Consumer Fraud and Deceptive Business Practices Act ("the Illinois Act"), Ill.Ann.Stat., ch. 121½, para. 262 and 270a (Smith–Hurd Supp.1987). In this proposed cause of action, Plaintiff seeks determination that Defendant is indebted to Plaintiff in the amount of $11,800 plus costs and also attorneys' fees. The essential difference in relief requested in the new proposed pleading from that originally requested is the prayer for attorneys fees. Plaintiff seeks to have the debt and judgment amount including fees declared non-dischargeable under 11 U.S.C. § 523(a)(2)(A).

Plaintiff also seeks sanctions, pursuant to Bankruptcy Rule 9011 and F.R.Civ.P. 11, against Defendant and its counsel or both for an assertedly false statement contained in Defendant's Counterclaim and Affirmative Defense. The statement in question was that Morgan had breached his contract by contracting with Quaker Maid before July 4, 1985. Plaintiff contends that Defendant neither knew this to be correct nor had reasonable grounds to believe that to be accurate. Indeed, this Court has found from the evidence that Plaintiff did not breach his contract.

Defendant contests both of the Plaintiff's motions and requests that Rule 11 Sanctions should be imposed on Plaintiff for bringing its Rule 11 motion.

## I. MOTION TO AMEND PLEADINGS

Under F.R.Civ.P. 15(a), Bankr.R. 7015, a party may amend his pleadings before trial commences. However, once trial commences, as is the case herein, amendments must be made pursuant to F.R.Civ.P. 15(b) which states:

**Amendments to Conform to the Evidence.** When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure so to amend does not affect the result of the trial of these issues. If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the admission of such evidence would prejudice him in maintaining his action or defense upon the merits. The court may grant a continuance to enable the objecting party to meet such evidence.

■ There are two procedures commonly referred to as amendments "to conform to the evidence". First, when an issue not embraced by the pleadings is tried with the express or implied consent of the parties, that issue is to be treated in all respects as if it had been raised by the pleadings C. Wright & A. Miller, Federal Practice and Procedure § 1491 (1971 & Supp.1987). Second, the trial court may permit pleadings to be amended when evidence is objected to at trial as not being within the framework of the pleadings. *Id.* In the latter case, permission to amend should be given freely by the court if it appears that the presentation of the merits of the action will be subserved thereby and the opposing party will not be prejudiced in the maintenance of his action or defense.

■ Plaintiff's theory of amendment of the pleadings falls under the "consent" theory. However, the case was not tried under the Illinois Consumer Fraud and Decep-

tive Business Practices Act, and that Act was not even mentioned until Plaintiff's final argument in the course of discussing damages and his request for attorney's fees, at which time Defendant objected to such recovery. Defendant never manifested any express or implied consent to the issues being tried under that Act. The test for determining implied or express "consent" to amendment of pleadings under Rule 15(b) is "whether the opposing party had a fair opportunity to defend and whether he could have presented additional evidence had he known earlier the substance of the amendment." *Matter of Prescott*, 805 F.2d 719, 725 (7th Cir.1986). Here no evidence was offered during trial outside the issues posed by Plaintiff's Complaint, so there was no occasion for Defendant to object until the question arose during final argument.

■ Plaintiff argues that Defendant will suffer no prejudice from the requested amendment because the fraud issue has been proven already. More simply, Plaintiff argues that the elements of fraud pursuant to 11 U.S.C. § 523(a)(2)(A) established and found proved at trial are identical to fraud elements under Section 2 of the Illinois Consumer Fraud and Deceptive Business Practices Act ("Act"). Ill.Ann. Stat. ch. 121½, para. 262 (Smith–Hurd Supp.1987).

That Act states:

**262. Unlawful practices—Construction with Federal Trade Commission Act**

§ 2. Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact, or the use or employment of any practice described in Section 2 of the "Uniform Deceptive Trade Practices Act", approved August 5, 1965, in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby. In construing this section consideration shall be given to the interpretations of the Federal Trade Commission and the federal courts relating to Section 5(a) of the Federal Trade Commission Act.

A violation of the Act is not the same as the commission of common law fraud; *Barr Co. v. Safeco Ins. Co. of Am.*, 583 F.Supp. 248, 258 (N.D.Ill.1984); *Duhl v. Nash Realty Co.*, 102 Ill.App.3d 483, 491, 57 Ill.Dec. 904, 914, 429 N.E.2d 1267, 1277 (App.Ct.1981); a violation of the Act is considered simply a fraudulent act, *Barr*, 583 F.Supp. at 258; *People ex rel. Fahner v. American Buyers Club*, 115 Ill.App.3d 759, 71 Ill.Dec. 216, 218, 450 N.E.2d 904, 906 (App.Ct.1983). The Act affords broader consumer protection than does the common law action of fraud. *Duhl*, 57 Ill.Dec. 914, 429 N.E.2d at 1277. A plaintiff suing under the Act need not establish all the elements of fraud because the Act prohibits any deception or false promise. *Id.; Pearlman v. Time, Inc.*, 64 Ill.App.3d 190, 198, 20 Ill.Dec. 831, 838, 380 N.E.2d 1040, 1047 (App.Ct.1978). Under the Act, a plaintiff must show (1) a deceptive act or practice, (2) an intent by defendants that Plaintiff rely on the deception, and (3) the deception occurred in the course of conduct involving a trade or commerce. *Crowder v. Bob Oberling Enter.*, 148 Ill.App.3d 313, 316, 101 Ill.Dec. 748, 750, 499 N.E.2d 115, 117 (App.Ct.1986). At least one reported decision found that the Illinois Act renders even innocent misrepresentations actionable, and imposes liability without proof of invidious intent. *Ramson v. Layne, et al.*, 668 F.Supp. 1162, 1169–1170 (N.D.Ill.1987) (Shadur, J.), though that theory is not asserted by Plaintiff here.

On the other hand, the elements required to bar dischargeability of debts under 11 U.S.C. § 523(a)(2)(A) are:

—That debtor make a materially false representation of fact;

—That debtor knew the representation was false;

—That debtor made the representation with the intent to defraud the creditors;

—That creditor actually and reasonably relied on the representation; and

—As a result of said reliance, the creditor suffered loss or was otherwise damaged (i.e., the creditors relied to his detriment on the debtor's false representation). See generally *Matter of Hagedon*, 25 B.R. 666 (Bankr.S.D.Ohio 1982); *In re La Brant*, 23 B.R. 367 (Bankr.N.D.Ill.1982); *Matter of Schnore*, 13 B.R. 249 (Bankr.W.D.Wis. 1981).

Unlike the Illinois Act, the elements of Code § 523(a)(2)(A) mirror the requirements for proof of common law fraud. The Act's requirement for establishing a violation is far less stringent than that of the Code. If fraud is proven under § 523(a)(2)(A), then a violation would also exist under the Act. The converse, however, is not true. Hence, Plaintiff is correct that establishing fraud under the Bankruptcy Code establishes a violation under the Illinois Act.

■ However, when a plaintiff proposes under Rule 15(b) F.R.Civ.P. to amend pleading to present an issue tried by "implied consent", even though that issue is relevant to a separate issue already present in the case, it would be unjust to the opposing party to consider a new theory of recovery after trial is complete. *Cook v. City of Price, Carbon County Utah*, 566 F.2d 699, 702 (10th Cir.1977). Where evidence claimed to show that an issue was tried by consent is relevant, as here, to an issue already in the case, and there was no indication when the evidence was offered that the plaintiff intended to raise a new issue or theory of recovery, amendment may be denied in the discretion of the trial court. *Hardin v. Manitowoc*, 691 F.2d 449, 457 (10th Cir.1982).

Although Plaintiff satisfied the elements for a violation under the Illinois Act, this Court should not allow post trial amendment to the pleadings because of the unjustness and prejudice that Defendant would suffer by facing a new theory of recovery after the completion of trial. Defendant would be denied a fair opportunity to defend because he had no chance to consider a different trial strategy or offer additional evidence relating to the merits or to the fees requested. Such denial amounts to prejudice.

■ It must also be observed that the only difference in relief sought in the proposed Amended Complaint from that sought in original pleadings is the request under the state Act for attorneys fees as an element in recovery and to bar same from discharge. If fees are due under state law, they may be found due and not dischargeable under the Bankruptcy Code § 523(a)(2)(A). However, while Plaintiff certainly incurred attorneys fees in the course of this case, he never offered evidence as to what those fees amounted to. Accordingly, even if the amendment were permitted the trial record as it presently stands would not support a specific award of fees.

Where prejudice to Defendant is found in the requested amendment, the decision to deny an amendment rests within this Court's sound discretion. *Kier v. Commercial Union Ins. Co.*, 808 F.2d 1254, 1258 (7th Cir.1987); *Hardin v. Manitowoc*, 691 F.2d 449, 457 (9th Cir.1982).

Likewise under the Illinois Act an award of attorneys fees is discretionary not mandatory. Ill.Stats.Ann. ch. 121½, para. 270a(c). The trial court has discretion to deny fees even where defendant is found to have acted in intentional bad faith justifying punitive damages. *Tague v. Molitor Motor Co.*, 139 Ill.App.3d 313, 319, 93 Ill. Dec. 769, 772, 487 N.E.2d 436, 439 (App.Ct. 1985). This Court doubts that Defendant's conduct established here reached a level of culpability warranting such fees, and would have hesitated to award fees even had the Illinois Act been pleaded. This Court should not and will not, under the circumstances, exercise discretion in favor of allowing the requested amendment.

## II. MOTION FOR SANCTIONS

■ Plaintiff moves for Sanctions pursuant to Rule 11 F.R.Civ.P.:

Every pleading, motion, and other paper of a party represented by an attor-

ney shall be signed by at least one attorney of record in the attorney's individual name.... The signature of an attorney or party constitutes a certificate by the signer that the signer has read the pleading, motion, or other paper; that to the best of the signer's knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation. If a pleading, motion, or other paper is not signed, it shall be stricken unless it is signed promptly after the omission is called to the attention of the pleader or movant. If a pleading, motion, or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or other paper, including a reasonable attorney's fee.

Bankruptcy Rule 9011 is analogous to Rule 11 and imposes sanctions under the same circumstances as Rule 11.

This Court has jurisdiction to impose sanctions under those rules. *In re TCI, Ltd.*, 769 F.2d 441, 448 (7th Cir.1985).

Present Rule 11 represents a significant change from the pre–1983 version with regard to the standard for deciding whether sanctions are appropriate. *Brown v. National Bd. of Medical Examiners*, 800 F.2d 168, 171 (7th Cir.1986). Prior to the 1983 amendment, Rule 11 was interpreted as requiring a showing of subjective bad faith on the part of counsel before fees or costs were imposed against counsel. *Indianapolis Colts v. Mayor and City Council of Baltimore*, 775 F.2d 177, 181 (7th Cir.1985). However, the current standard for imposing sanctions under Rule 11 is no longer a determination of subjective bad faith, but rather is an objective question of reason-

ableness under the circumstances. *Dreis & Krump Mfg. Co. v. International Ass'n of Machinists*, 802 F.2d 247, 255 (7th Cir. 1986). *See also Brown*, 800 F.2d at 171; *Thornton v. Wahl*, 787 F.2d 1151, 1154 (7th Cir.), *cert. denied*, 479 U.S. 851, 107 S.Ct. 181, 93 L.Ed.2d 116 (1986); *Indianapolis Colts*, 775 F.2d at 181; *Rodgers v. Lincoln Towing Serv., Inc.*, 771 F.2d 194, 205 (7th Cir.1985); *In re TCI, Ltd.*, 769 F.2d 441, 445–46 (7th Cir.1985).

Under Rule 11, sanctions are now intended to be a more integral aspect of the judicial process. *Brown*, 800 F.2d at 173. The new language added to the Rule in 1983 was intended to reduce the reluctance of courts to impose sanctions by emphasizing the responsibilities of the attorney and reinforcing those obligations by the imposition of sanctions. *Rodgers*, 771 F.2d at 205. Recently, the Seventh Circuit has shown no reluctance to impose sanctions where necessary. As determined in *Dreis*, 802 F.2d at 255, mounting federal caseloads and growing public dissatisfaction with the costs and delays of litigation warrant imposition of sanctions on persons and firms that abuse their right of access to the federal courts. The rules designed to discourage groundless litigation are being and will continue to be enforced in this Circuit "to the hilt." *Id.* at 256.

Nonetheless there is always a need to avoid chilling the discretion of attorneys in the proper vigorous advocacy of their clients' interests. Therefore, attorneys should only be penalized where they have failed to maintain a minimum standard of professional responsibility, viewed objectively. *Lepucki v. Van Wormer*, 765 F.2d 86, 87 (7th Cir.) (per curiam), *cert. denied*, 474 U.S. 827, 106 S.Ct. 86, 88 L.Ed.2d 71 (1985).

Such minimum standard of professional responsibility requires an attorney to make reasonable inquiry into both the factual and legal basis for claims and defenses asserted. *Brown*, 800 F.2d at 172. Counsel must take care before filing a pleading, not merely correct it after the filing. *TCI*, 769 F.2d at 448. However, although Rule

11 requires investigation to precede the filing of a pleading, the Rule does not require investigation to the point of certainty. *Nemmers v. United States,* 795 F.2d 628, 632 (7th Cir.1986).

Notwithstanding an attorney's sincere belief in the merits of his client's position, that attorney has a duty to ascertain the facts and review the law to determine whether the facts fit within a recognized entitlement to relief or defense. *Brown,* 800 F.2d at 172; *TCI,* 769 F.2d at 446.

Rule 11 sanctions may be imposed under authority cited above in four circumstances, namely when (1) a reasonable inquiry of the relevant facts and law was not conducted; (2) the pleading filed was not well grounded in fact; (3) the pleading was not warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; or (4) the pleading was interposed for any improper purpose, such as harassment, delay, or an unnecessary increase in cost.

Some courts have held that a pleading or motion violates Rule 11 only if the total document is unfounded. *Golden Eagle Distrib. Corp. v. Burroughs Corp.,* 801 F.2d 1531, 1540 (9th Cir.1986) (Rule 11 "permits the imposition of sanctions only when the 'pleading, motion, or other paper' itself is frivolous, not when one of the arguments in support of a pleading or motion is frivolous."). However, this Court is of course bound by Seventh Circuit authority under which a Rule 11 violation may be found when a single misleading or unfounded statement is pleaded. *Frazier v. Cast,* 771 F.2d 259, 263–65 (7th Cir.1985).

█ In the case at bar, Plaintiff seeks sanctions based upon Defendant's claim in his Counterclaim and Affirmative Defense that Plaintiff had anticipatorily breached his contract with Debtor/Defendant by contracting with Quaker Maid before July 4, 1985 for the same goods. Plaintiff argues that this accusation was false, not well grounded in fact, and no reasonable inquiry of the facts was conducted by Defendant and his client before filing that pleading. In fact, the evidence showed that Plaintiff had communication with Quaker Maid and received its written offer before July 4, 1985, but did not accept that written offer to contract with Quaker Maid until well after July 4, 1985 because Defendant had until that date to complete his contract with Plaintiff. Plaintiff argues that his "direct dealing" with Quaker Maid before that date did not bring about a contractual agreement or anticipatory breach and therefore sanctions are appropriate.

Defendant's pleading proved to be an erroneous legal conclusion but that is hardly a sanctionable offense. Defendant made a reasonable inquiry into the facts and had reasonable grounds to argue the asserted contract and anticipatory breach. Defendant naturally and reasonably inferred and argued that Plaintiff and Quaker Maid, because of their ostensible dealings which he learned of in June of 1985, had a contractual arrangement before the key date of July 4th. Rule 11, as aforementioned, does not require investigation to the point of certainty. *Nemmers,* 794 F.2d at 632. Plaintiff seeks to extend Rule 11 to punish Defendant because his statement of legal conclusion and argument was not correct in the light of the evidence. However, Rule 11 does not punish a party that reasonably argues a legal theory inferred quite rationally under available facts just because that theory loses at trial.

Defendant's statement was well grounded in fact and was argueable in law. A filing or pleading is well grounded in fact if it has a reasonable basis in fact. And a claim is frivolous only if it has no reasonable basis in fact or in law. *Tarkowski v. County of Lake,* 775 F.2d 173, 176 (7th Cir.1985). Defendant's statement had a reasonable basis in fact and in law and cannot be considered frivolous. *Id.* Therefore, Plaintiff's motion for sanctions against Defendant and his counsel under Rule 11 is denied.

█ Plaintiff's motion for sanctions was reasonably grounded and argued on this Court's oral finding and ruling that Plaintiff had not breached his contract with Defendant, so Defendant's cross motion for sanctions is likewise denied.

## CONCLUSION

Plaintiff's motions to amend pleadings and for sanctions, and Defendants cross motion for sanctions will, by separate order, all be denied.