In re WOODSTOCK ASSOCIATES I, INC., an Illinois corporation, d/b/a Albany House, Woodstock Associates III, Inc., an Illinois corporation, d/b/a the Woodbury of Niles, Woodstock Associates II, Inc., an Illinois corporation, d/b/a the Saratoga of Evanston, Woodstock Associates IV, Inc., an Illinois corporation, d/b/a the Sherwood of Niles, Debtors. (Jointly Administered Cases).

HOME SAVINGS ASSOCIATION OF KANSAS CITY, F.A., Plaintiff,

v.

WOODSTOCK ASSOCIATES I, INC., Woodstock Associates III, Inc., Woodstock Associates II, Inc., Woodstock Associates IV, Inc., Defendants.

Bankruptcy Nos. 89 B 08919—89 B 08922.
Adv. No. 90 A 0145.

United States Bankruptcy Court, N.D. Illinois, E.D.

Nov. 16, 1990.

Norman Newman, Scott N. Schreiber, Much Shelist Freed Denenberg Ament & Eiger, P.C., Chicago, Ill., for debtors.

Neil L. Goulden, Katten, Muchin & Zavis, Chicago, Ill., for Caremor, Inc.

Ronald R. Peterson, Jay S. Geller, Jenner & Block, Chicago, Ill., for Home Sav. Association of Kansas City, F.A.

David E. Cohen, Cohen & Krol, Chicago, Ill., for the Unsecured Creditors Committee.

## MEMORANDUM OPINION

JOHN H. SQUIRES, Bankruptcy Judge.

This matter comes before the Court on the joint motion of the Debtors and the Unsecured Creditors' Committee (the "Committee") to strike portions of pleadings filed by Home Savings Association of Kansas City, F.A. ("Home Savings") and for sanctions against Home Savings and its attorneys under Federal Rules of Civil Procedure 11 and 12(f) and Federal Rules of Bankruptcy Procedure 9011 and 7012(b). For the reasons set forth herein the Court denies the joint motion.

## I. JURISDICTION AND PROCEDURE

The Court has jurisdiction to entertain this motion pursuant to 28 U.S.C. § 1334 and General Rule 2.33(a) of the United States District Court for the Northern District of Illinois. This matter constitutes a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (O).

## II. FACTS AND BACKGROUND

Most of the relevant facts and background are contained in an earlier Opinion of the Court pertaining to cross motions for summary judgment filed by the parties

to this adversary proceeding. *See In re Woodstock Associates, I, Inc.*, 120 B.R. 436 (Bankr.N.D.Ill.1990). The issue raised by the instant motion is whether Home Savings' alleged misstatement in its pleadings with respect to a state court judge's reason for denying its request for appointment of a receiver constitutes a violation of Rule 9011 warranting the imposition of sanctions and the striking of the subject portions of the pleadings pursuant to Rule 12(f).

In February, 1989, Home Savings filed a foreclosure complaint in the Circuit Court of Cook County, Illinois. Subsequently, it petitioned the court for appointment of a receiver to take possession and control of the property that was included among the collateral for the loans held by Home Savings. Jenner and Block ("J & B") represented Home Savings in that action, as in this adversary proceeding, however, different attorneys within the firm appeared for Home Savings in the two matters. Judge Dunne denied the petition for a receiver at a hearing held on April 26, 1989, and entered an order after making his oral ruling. The decision was not reduced to detailed written findings and conclusions. In a separate action brought by the State of Illinois pursuant to the Illinois Nursing Home Care Act, Ill.Rev.Stat. ch. 111½, paras. 4153–501, 4153–503 (1989), a receiver ("Caremor") was appointed by another judge. The foreclosure action proceeded to judgment and sale of the subject real property and improvements. After confirmation of the foreclosure sale in February, 1990, Home Savings was adjudicated to hold a deficiency judgment of over $7,000,000 against, among others, the Debtors.

The Chapter 11 petitions were filed on May 26, 1989. The Debtors proposed a joint liquidating plan to pay out the remaining assets of the estates. The assets which consist of medicaid reimbursements from the State of Illinois, include approximately $779,000.00 plus accrued and accruing interest. The dispute in this adversary proceeding, as in the Chapter 11 proceeding, is over who is properly entitled to the collected receivables. Home Savings claims that it is entitled to all of the receivables as part of its collateral security. Alternatively, it asserts that it holds an administrative claim against same to cover the amounts of the deficiency in the rent payments owed, but not paid, while Caremor was in possession of the property pending the foreclosure sale. Home Savings also asserts an administrative claim for amounts paid to maintain the property that Caremor operated as nursing homes for the benefit and protection of the resident patients. The Debtors formerly operated the nursing homes, but were ousted pre-petition by Caremor.

Both the Debtors and the Committee dispute Home Savings' secured and administrative claims to the collected receivables. Home Savings obviously desires to apply the receivables to its deficiency claim to the exclusion of all others. The Debtors and the Committee, under the liquidating plan, assert that the funds should first be applied to payment of allowed administrative expenses (especially to payment of their respective attorneys' fees to which Home Savings has objected) and then to payment of priority tax claims. There are insufficient assets collected or anticipated to be collected to pay any dividend to unsecured creditors. The Debtors and the Committee contend, and the Court has held, that Home Savings' deficiency claims are unsecured, and therefore it is not entitled to any of the collected receivables as either a secured or priority claimant.

## III. ARGUMENTS OF THE PARTIES

The instant motion asserts that the complaint, cross motion for summary judgment and supporting pleadings are all grounded on the alleged sole basis of Judge Dunne's denial of Home Savings' receivership petition. The pleadings filed by Home Savings allege that he lacked authority to appoint a receiver in a state-regulated industry. Home Savings concludes that under the Illinois Nursing Home Care Act there was a legal impediment to its ability to perfect the assignment of rents under the security documents. The parties have furnished a complete transcript of the April 26, 1989, hearing before Judge Dunne. The Debtors

and the Committee argue that the pleadings misrepresent Judge Dunne's reasons for denying the petition and that he did not hold that the Nursing Home Care Act was an impediment to the petition. Therefore, they maintain that the pleadings misstating same should be stricken, and sanctions imposed because of the consistent and intentional deception upon the Court and the other parties in interest, which has prevented confirmation of the reorganization plan. The movants specifically seek to strike those portions of the pleadings which claim that Home Savings perfected. its assignment of rents under 11 U.S.C. § 546(b), or assert the Illinois Nursing Home Care Act is an impediment to the appointment of a receiver at the request of the mortgagee. The movants seek attorneys' fees and costs expended in disputing Home Savings' alleged secured and priority claims. The Debtors' attorneys request a total of $16,-720.09. The Committee's attorneys seek $1,698.20.

Home Savings makes several responses in opposition to the motion. First, it asserts that the pleadings are based upon a reasonable interpretation of Judge Dunne's entire ruling. Home Savings refers to other parts of the transcript wherein Judge Dunne discussed Home Savings' lack of standing to seek a receiver under the Illinois Nursing Home Care Act, but where he indicated he might act upon such a request by a party who had standing under that statute, namely the State of Illinois. Second, Home Savings argues that the purported misstatements in the pleadings have no legal impact on its claims. It contends that the ultimate appointment of a receiver, albeit not pursuant to Home Savings' petition, served to perfect its claims under section 546(b) to the collected funds. The Illinois Nursing Home Care Act created a statutory bar to Home Savings' attempts in the foreclosure action to have a receiver appointed. Home Savings' actions taken in those proceedings were sufficient to perfect its assignment of rents. Third, Home Savings contends that the motion is merely an attempt to divert the Court's attention from the merits of the arguments in its cross motion for summary judgment.

Fourth, the fees sought fail to distinguish between the time expended responding to the allegedly sanctionable conduct and that spent responding to other, admittedly non-frivolous arguments. Fifth, Home Savings argues that the fees sought impermissibly seek to recover the costs of bringing the Rule 9011 litigation. Sixth, the fees sought by the movants include compensation for unproductive and repetitive time expenditures. Last, Home Savings contends that the sanctions sought are excessive and grossly disproportionate to the alleged wrong, and are consequently sanctionable.

## IV. STANDARDS

### A. *Federal Rule of Bankruptcy Procedure 9011*

Bankruptcy Rule 9011(a) provides:

*Every* petition, *pleading,* motion and other paper served or *filed in a case under the Code on behalf of a party represented by an attorney,* except a list, schedule, statement of financial affairs, statement of executory contracts, statement of intention, Chapter 13 Statement, or amendments thereto, *shall be signed by at least one attorney* of record in the attorney's individual name, whose office address and telephone number shall be stated. A party who is not represented by an attorney shall sign all papers and state the party's address and telephone number. The signature of an attorney or a party constitutes a certificate that the attorney or party has read the document; that to the best of the attorney's or party's knowledge, information, and belief formed after reasonable inquiry it is well-grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; and that it is not interposed for any improper purpose, such as to harass, to cause delay, or to increase the cost of litigation. If a document is not signed it shall be stricken unless it is signed promptly after the omission is called to the attention of the person whose signature is required. *If a document is signed in violation of this rule, the court on motion or on its own*

*initiative, shall impose on the person who signed it, the represented party, or both, an appropriate sanction, which may include* an order to pay to the other party or parties *the amount of the reasonable expenses incurred* because of the filing of the document, *including a reasonable attorney's fee.*

Fed.R.Bankr.P. 9011(a) (emphasis added).

■ Bankruptcy Rule 9011 and Rule 11 are analogous. Thus, the authorities construing Rule 11 are applicable to the case at bar. The Court has jurisdiction to impose sanctions under these rules. *In re TCI Ltd.*, 769 F.2d 441, 448 (7th Cir.1985); *In re Kanak*, 85 B.R. 483, 489 (Bankr.N.D. Ill.1988); *In re Chicago Midwest Donut, Inc.*, 82 B.R. 943 (Bankr.N.D.Ill.1988); *see also In re Arkansas Communities, Inc.*, 827 F.2d 1219, 1221–1222 (8th Cir.1987) (Rule 9011 can be applied by the bankruptcy court even though it is not an Article III court). The primary purpose of both rules is to deter unnecessary filings for the benefit of the judicial system. *Szabo Food Service, Inc. v. Canteen Corp.*, 823 F.2d 1073, 1077–1080 (7th Cir.1987). It is well established that "[t]he standard for imposing sanctions under Rule 11 is an objective determination of whether a sanctioned party's conduct was reasonable under the circumstances." *Brown v. Federation of State Medical Boards*, 830 F.2d 1429, 1435 (7th Cir.1987); *see Dreis & Krump Mfg. Co. v. International Ass'n. of Machinists & Aerospace Workers*, 802 F.2d 247, 255 (7th Cir.1986).

■ In the Seventh Circuit, the test under Rule 11 is objective: "litigation must be grounded in an objectively reasonable view of the facts and the law, and, if it is not, the lawyer or party proceeding recklessly must foot the bill." *In re Ronco, Inc.*, 838 F.2d 212, 217 (7th Cir.1988), citing *Colan v. Cutler–Hammer, Inc.*, 812 F.2d 357, 360 n. 2 (7th Cir.1987), *cert. denied,* 484 U.S. 820, 108 S.Ct. 79, 98 L.Ed.2d 42 (1987). Subjective bad faith is no longer the inquiry. *See, e.g., Brown*, 830 F.2d at 1435. Once the Court finds a Rule 11 violation, it is required to impose a sanction for the protection of the judicial process

and to relieve the financial burden that baseless litigation imposes on the other side. *Szabo*, 823 F.2d at 1082; *see also Painwebber Inc. v. Can AM Financial Group, Ltd.*, 121 F.R.D. 324, 329 (N.D.Ill. 1988), *aff'd*, 885 F.2d 873 (7th Cir.1989); *Mars Steel Corp. v. Continental Illinois Nat. Bank & Trust Co.*, 120 F.R.D. 53, 55 (N.D.Ill.1988), *aff'd*, 880 F.2d 928 (7th Cir. 1989).

■ Rule 11 contains two grounds for sanctions. The first ground is the "frivolousness clause." *Brown*, 830 F.2d at 1435. The relevant inquiry for this ground has two prongs: (1) whether the attorney or party made a reasonable investigation into the facts; and (2) whether the attorney or party made a reasonable investigation of the law. *Id.* In making a determination of whether the attorney or party made a reasonable inquiry into the facts of the case, the following five factors must be considered: (1) whether the signer of the documents had sufficient time for investigation; (2) the extent to which the attorney had to rely on his or her client for the factual foundation underlying the pleading, motion, or other paper; (3) whether the case was accepted from another attorney; (4) the complexity of the facts and the attorney's ability to do a sufficient pre-filing investigation; and (5) whether discovery would have been beneficial to the development of the underlying facts. *Brown*, 830 F.2d at 1435; *see also Fred A. Smith Lumber Co. v. Edidin*, 845 F.2d 750, 751–752 (7th Cir.1988); *R.K. Harp Invest. Corp. v. McQuade*, 825 F.2d 1101, 1103–1104 (7th Cir.1987).

■ A pleading, motion, or paper is not well-grounded in fact if it is contradicted by uncontroverted evidence that was or should have been known to the attorney or the party signing the filing. *Frazier v. Cast*, 771 F.2d 259, 263–265 (7th Cir.1985). A filing or pleading is well-grounded in fact if it has a reasonable basis in fact. *Kanak*, 85 B.R. at 490; *Beverly Gravel, Inc. v. DiDomenico*, 908 F.2d 223 (7th Cir.1990) (factual pleading error did not rise to level of sanctionable conduct).

■ The second ground for imposing sanctions under Rule 11 is the "improper purpose" clause. *Brown*, 830 F.2d at 1436. This ground of Rule 11 provides that a motion, pleading, or other document may not be interposed for the purposes of delay, harassment, or increasing the costs of litigation. An objective standard is used to assess whether the party or attorney acted with an improper purpose. *Thornton v. Wahl*, 787 F.2d 1151 (7th Cir.1986), *cert. denied*, 479 U.S. 851, 107 S.Ct. 181, 93 L.Ed.2d 116 (1986).

In a recent opinion, the United States Supreme Court in *Pavelic & LeFlore v. Marvel Entertainment Group Div. of Cadence Industries Corp.*, —— U.S. ——, 110 S.Ct. 456, 107 L.Ed.2d 438 (1989) opined in regard to the phrase "person who signed": "as the requirement of signature is imposed upon the individual, we think the recited import and consequences of signature run *as to him.*" *Id.* 110 S.Ct. at 459. Hence, the Supreme Court held that Rule 11 authorizes the imposition of a sanction only against the individual person or persons signatory, even when the individual signing does so explicitly on behalf of another. In its most recent opinion on Rule 11, *Cooter & Gell v. Hartmarx Corp.*, —— U.S. ——, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990), the Supreme Court stated that:

> Rule 11 imposes a duty on attorneys to certify that they have conducted a reasonable inquiry and have determined that any papers filed with the court are well-grounded in fact, legally tenable and "not interposed for any improper purpose." An attorney who signs the paper without such a substantiated belief "shall" be penalized by "an appropriate sanction." Such a sanction may, but need not, include payment of other parties expenses.

*Id.* 110 S.Ct. at 2454. Both recent Supreme Court opinions note that deterrence is the purpose of Rule 11, not fee shifting.

■ When a sanction is imposed for misconduct, a frequent question arises as to whether the brunt of the sanction should be borne by the litigant or by counsel. Courts allocate sanctions between the attorney and the client according to their relative culpability in violating Rule 11. *Chevron, U.S.A., Inc. v. Hand*, 763 F.2d 1184, 1187 (10th Cir.1985). Generally, sanctions fall wholly on the client when he has misled his attorney as to the facts or purpose of the proceeding as in *Chevron, supra.* When an attorney and client share responsibility for litigation strategy and such strategy violates Rule 11, courts can impose joint and several liability. *See In re TCI Ltd.*, 769 F.2d at 446 ("When lawyers yield to the temptation to file baseless pleadings to appease clients, however, they must understand that their adversary's fees become a cost of *their* business.").

■ The amount (and nature) of sanctions to be imposed is left to the discretion of the Court. *Insurance Ben. Admrs., Inc. v. Martin*, 871 F.2d 1354, 1359 (7th Cir.1989); *Frantz v. U.S. Powerlifting Federation*, 836 F.2d 1063, 1066 (7th Cir. 1987); *Diversified Technologies Corp. v. Jerome Technologies, Inc.*, 118 F.R.D. 445, 453 (N.D.Ill.1988). The severity of sanctions imposed should be proportionate to the violation, but should not be overly severe. *Brown* 830 F.2d at 1437. The mitigation of damages principle applies. *Melrose v. Shearson/American Express, Inc.*, 898 F.2d 1209, 1216 (7th Cir.1990).

### B. *Federal Rule of Bankruptcy Procedure 7012*

Federal Rule of Bankruptcy Procedure 7012(b) provides that Federal Rule of Civil Procedure 12(b)–(h) applies in adversary proceedings. Federal Rule of Civil Procedure 12(f) provides:

> Upon motion made by a party before responding to a pleading or, if no responsive pleading is permitted by these rules, upon motion made by a party within 20 days after the service of the pleading upon the party or upon the court's own initiative at any time, the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.

Fed.R.Civ.P. 12(f).

■ A motion to strike should be made by a party before responding to the

pleading containing the challenged matter or within twenty days after the pleading has been served if the pleading is one to which no responsive pleading is permitted. The grounds contained in Rule 12(f) are not mutually exclusive and somewhat overlap. The relief is intended to eliminate repetitive, unresponsive, irrelevant, immaterial matters from the pleadings as well as allegations which unnecessarily reflect upon the moral character of an individual or state matters in offensive language which detracts from the dignity of the court. *See* 1 J. Moore, *Moore's Federal Practice and Procedure*, § 11.05 (rev. ed. 1988). Matter will not be stricken from a pleading unless it is clear that it can have no possible bearing upon the subject matter of the litigation. In suits involving multiple and complex issues, greater latitude in pleading may be allowed and motions to strike are not a favored means for disposing of substantial questions of law. *See Garza v. Chicago Health Clubs, Inc.,* 347 F.Supp. 955, 962 (N.D.Ill.1972).

■ The criteria for Rule 12(f) motions is strikingly similar to those under Rule 12(b)(6). For Rule 12(f) purposes, well-pleaded factual allegations are accepted as true, and the defense cannot be stricken if it presents a significant question of law or fact or if there is any possibility the defense could succeed after a full hearing on the merits. *U.S. Home Corp. v. George W. Kennedy Const. Co.,* 610 F.Supp. 759, 761 (N.D.Ill.1985). A motion under Rule 12(f) to strike portions of a responsive pleading serves the limited purpose of excluding irrelevant material from pending litigation. Issues that are raised in a responsive pleading which are not, in fact, responsive to the plaintiff's cause of action need not be allowed to complicate and impede the progress of pretrial discovery. *See generally* 5 C. Wright and A. Miller, *Federal Practice and Procedure* § 1380 (1969). In the Seventh Circuit, vague allegations that seek to raise defenses of dubious legal merit are subject to being stricken for "indefiniteness." *See United States v. 416.81 Acres of Land,* 514 F.2d 627, 629–632 (7th Cir.1975).

■ Motions to strike are not favored, and are not ordinarily granted unless the language in the pleading at issue both has no possible relation to the controversy and is clearly prejudicial. *Lirtzman v. Spiegel, Inc.,* 493 F.Supp. 1029, 1031 (N.D.Ill.1980); *Garza v. Chicago Health Clubs, Inc.,* 347 F.Supp. at 962. Before a motion to strike can be granted, the Court must instead "be convinced that there are no questions of fact, that any questions of law are clear and not in dispute, and that under no set of circumstances could the defense succeed." *Lirtzman v. Spiegel,* 493 F.Supp. at 1031 quoting *Systems Corp. v. American Telephone & Telegraph Co.,* 60 F.R.D. 692, 694 (S.D.N.Y.1973). Thus, "to the extent assertions that are labeled 'defenses' put into issue relevant and substantial legal and factual questions, they are 'sufficient' and may survive a motion to strike even if they might not totally bar the plaintiff's claim." (citations omitted) *Donovan v. Robbins,* 99 F.R.D. 593, 596 (N.D.Ill.1983).

## V. DISCUSSION

■ The Court has reviewed the entire transcript of the foreclosure hearing before Judge Dunne on April 26, 1989. Although Judge Dunne's ruling is an important component of Home Savings' arguments by which it contends it has a perfected secured claim entitling it to the subject funds, the entire four count complaint is not wholly founded upon the alleged basis of that ruling. Rather, only Count I is dependent, in part, upon same. Counts II and III assert administrative priority claim status for amounts that Caremor did not pay in rent and amounts which Home advanced respectively in the post-petition operations of the nursing homes. Count IV objects to the confirmation of the proposed joint plan in part because it allegedly has the principal purpose of tax avoidance, violative of 11 U.S.C. § 1129(d). Judge Dunne's ruling has no legal or factual nexus or impact on the alternative causes of action asserted by Home Savings, and is not outcome determinative of same.

A fair reading of the entire transcript, leads the Court to conclude that Judge

Dunne did not definitively express a sole basis or necessarily all the bases upon which he made his determination. It appears that he concluded that the Illinois Nursing Home Care Act, rather than the receivership provisions of the Illinois Mortgage Foreclosure Law, created the appropriate state statutory scheme to follow for appointment of receivers for properties improved with operating nursing homes. Under the former statute, only the State of Illinois and certain other parties have standing to seek appointment of a receiver, in contrast to the standing of a foreclosing mortgagee or its successor in interest seeking a receiver under the latter statute.

References in the pleadings to Judge Dunne's ruling do not fully and completely summarize all the reasons for his decision. That omission, however, does not constitute a clear violation of either the spirit or the letter of Bankruptcy Rule 9011. One J & B attorney represented Home Savings in the proceedings before Judge Dunne. His unrebutted affidavit attached as Exhibit C to Home Savings' memorandum shows that another J & B attorney who signed the pleadings in this matter had prime responsibility for representing Home Savings in these bankruptcy proceedings. In preparing the challenged pleadings, the attorney signatory relied on the affiant's knowledge of the proceedings before Judge Dunne. The affiant had not previously obtained the transcript. Instead, he based his recollection of the hearing from memory, which served as the basis for the allegations made in the pleadings. According to the affiant, the statements contained in the pleadings were true and accurate as a result of other later statements made by Judge Dunne. Moreover, the affiant denies that the contested pleadings were intended to deceive the Court and concludes that no basis has been shown for such contention.

Ideally, J & B's bankruptcy attorney should have obtained the transcript of the April 26, 1989 hearing before preparing and filing the pleadings in this adversary proceeding. This would constitute better preparation than merely relying on the affiant's memory. Nevertheless, not every hearing transcript must be ordered before subsequent pleadings are prepared which make some reference to the hearing. Less is required to meet the affirmative duty to investigate the facts pre-filing to support pleadings under Rule 9011 standards. Some pre-filing investigation was done by the signing attorney when he consulted the affiant who reviewed the pleadings, based on his recollection of the statements made by Judge Dunne. The resulting pleadings, while not fully comprehensive of all the statements made by Judge Dunne, are not lacking a factual foundation in the record so as to be frivolous. No showing has been made under the second prong of Rule 9011 that the contested portions of the pleadings were interposed to harass, cause undue delay, or merely to increase costs of litigation as the movants summarily conclude. On the contrary, the pleadings, fairly and objectively viewed in their entirety, set forth Home Savings' somewhat complex positions.

Furthermore, no objective violation of Rule 9011 is apparent, nor has any evidence of a proscribed motivation attributable to Home Savings been adduced. The pleadings, although hotly contested, have reasonable bases in fact and do not wholly lack plausibility. Additionally, Home Savings premised its legal arguments upon existing case authority for its secured claim, which was found distinguishable and not controlling. Home Savings further unsuccessfully argued for extension of existing law and precedent to support its claims for administrative priority. Hindsight would have prompted the signing attorney to obtain the transcript before pleading in this matter, rather than to principally rely on the recollection of the affiant. That would have been an accurate and more complete pre-filing investigation. Nevertheless, that which was performed was not so objectively unreasonable as to constitute a violation of Rule 9011. Accordingly, the Court need not address the additional arguments and defenses.

The Court is mindful of the probable genesis of the instant sanctions litigation. By previous order, the Court allowed an

interim compensation application of the Debtors' attorneys, but ordered payment withheld based on Home Savings' objections thereto, pending the Court's subsequent determination of Home Savings' claims to secured and priority status. Understandably frustrated by the inevitable delay in payment of the allowed compensation, further discovery by the Debtors' attorneys led to the filing of the instant motion and the substantial time and efforts expended by the parties arguing this collateral matter. The allowed fees have now been paid. The Court has been compelled to utilize a considerable amount of its scarce time and strained resources to decide the sanction motion. Had Home Savings' attorneys not objected to payment of the allowed compensation to the Debtors' attorneys, it is highly unlikely that the instant motion would have been filed.

The motion at bar is an important matter which the Court has decided expeditiously, but at the expense of more promptly resolving other issues among various parties in other cases. One unfortunate side effect of the rigorous enforcement of Rules 11 and 9011 is that it engenders satellite or collateral litigation which has manifested itself in this case. The end result is unsatisfactory and unpalatable to all concerned. No objective violation of Rule 9011 has been shown. Consequently, no sanctions or costs are therefore appropriately imposed. Everyone concerned, including the Court, has been forced to expend significant time and effort on the matter. Perhaps worst of all, strong feelings if not outright animosity now run among the attorneys involved, which may adversely color all their future professional and personal dealings with one another. This is no way to litigate. The end results have only increased the respective costs and expenses to the parties and their attorneys. It is particularly distressing to the Court because each and every attorney involved on both sides of this dispute is an able, experienced, and competent practitioner who should know better than to proceed in this manner.

## VI. CONCLUSION

For the foregoing reasons, the Court denies the motion to strike portions of the pleadings and for sanctions. Each party shall bear its own fees and costs attendant hereto.

This Opinion is to serve as findings of fact and conclusions of law pursuant to Federal Rule of Bankruptcy Procedure 7052.