In re Lorraine E. BYERS, Debtor.

David M. Nickless, Trustee in Bankruptcy of Lorraine Byers, Plaintiff,

v.

Cheryl A. Conley and Robert D. Byers, Defendants.

Bankruptcy No. 01–41047–HJB. Adversary No. 02–4161.

United States Bankruptcy Court, D. Massachusetts.

July 16, 2004.

David M. Nickless, Nickless & Phillips, Fitchburg, MA, Chapter 7 Trustee.

John D. Hodges, Tewksbury, MA, for Robert D. Byers, Cheryl A. Conley.

Richard King, Office of the U.S. Trustee, Worcester, MA, United States Trustee.

### MEMORANDUM OF DECISION

HENRY J. BOROFF, Bankruptcy Judge.

This adversary proceeding returns to this Court on remand from the Bankruptcy Appellate Panel for the First Circuit (the "BAP") to consider whether application of the doctrine of implied consent under Fed. R. Bankr.P. 7015(b) would change the outcome of the trial in this case. For the reasons stated below, this Court finds and rules that the application of that doctrine would not have changed the outcome and reinstates its judgment in favor of the Defendants.

### I. FACTS AND TRAVEL OF THE CASE

A trial was held before this Court on June 19, 2003 on a complaint filed by David A. Nickless (the "Trustee"), as trustee in bankruptcy of Lorraine A. Byers (the "Debtor") against Cheryl Conley and Robert D. Byers (the "Defendants"). The Trustee's complaint sought, pursuant to 11 U.S.C. § 544(a) and Mass. Gen. Laws, Ch. 109A, § 5, to avoid a August 12, 1998 transfer of real property located at 126 Walnut Street, Tewksbury, Massachusetts from the Debtor to the Byers Family Irrevocable Trust. At the conclusion of the trial, the Court found that the Debtor: (1) did not have an intent to hinder, delay or defraud creditors at the time of the transfer; (2) did not believe, nor reasonably should have believed, at the time of the transfer that she would incur debts beyond her ability to pay them as they became due; (3) received less than reasonably equivalent value in exchange for the transfer; and (4) was rendered insolvent as a result of the transfer.

Although the foregoing findings would have satisfied the elements necessary to avoid the transfer under Mass. Gen. Laws, Ch. 109A, § 6,[1] the Court entered judgment for the Defendants on the basis of the parties' joint pretrial stipulation which recited that the Trustee was proceeding only under Mass. Gen. Laws, Ch. 109A, § 5.[2] The Trustee had not met his burden under § 5 because he had not demonstrated either that the Debtor intended to hinder, delay or defraud a creditor or that she was either engaged in or was about to engage in a business or transaction for

---

1. Mass. Gen. Laws, Ch. 109A, § 6 provides:
   (a) A transfer made or obligation incurred by a debtor is fraudulent as to a creditor whose claim arose before the transfer was made or the obligation was incurred if the debtor made the transfer or incurred the obligation without receiving a reasonably equivalent value in exchange for the transfer or obligation and the debtor was insolvent at that time or the debtor became insolvent as a result of the transfer or obligation.
   (b) A transfer made by a debtor is fraudulent as to a creditor whose claim arose before the transfer was made if the transfer was made to an insider for an antecedent debt, the debtor was insolvent at that time, and the insider had reasonable cause to believe that the debtor was insolvent.

2. Mass. Gen. Laws, Ch. 109A, § 5(a) provides:

   (a) A transfer made or obligation incurred by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation:
   (1) with actual intent to hinder, delay, or defraud any creditor of the debtor; or
   (2) without receiving a reasonably equivalent value in exchange for the transfer or obligation, and the debtor:
   (i) was engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction; or
   (ii) intended to incur, or believed or reasonably should have believed that he would incur, debts beyond his ability to pay as they became due.

which she had reasonably insufficient assets or believed or should have believed that she would incur debts beyond her ability to pay as they came due.

The Trustee sought review of the June 29, 2003 judgment to the BAP. On February 4, 2004, the BAP vacated the judgment for the Defendants and remanded the case back to this Court for determination of whether the § 6 claim was tried by express or implied consent at the original trial pursuant to Fed. R. Bankr.P. 7015(b).

## II. *TRIAL BY CONSENT*

Fed. R. Bankr.P. 7015(b) provides in part that "when issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings." The BAP held that Fed. R. Bankr.P. 7015(b) "may be employed in a way that has the effect of amending a pretrial order." *In re Byers*, 304 B.R. 1, 7 (1st Cir. BAP 2004) (quoting Wright, Miller & Kane, *Federal Practice and Procedure: Civil 2d* §§ 1491, 1493 (1990 & Supp.2003)).

▆▆▆ As explained by the BAP, the First Circuit has recently discussed trial by consent:

Consent to trial on a particular claim can be either express or implied ... "Consent to the trial of an issue may be implied if, during the trial, a party acquiesces in the introduction of evidence which is relevant *only to that issue*." *DCPB, Inc. v. City of Lebanon*, 957 F.2d

913, 917 (1st Cir.1992). But "[t]he introduction of evidence directly relevant to a pleaded issue cannot be the basis for a founded claim that the opposing party should have realized that a new issue was infiltrating the case." *Id.; see Galindo v. Stoody Co.*, 793 F.2d 1502, 1513 (9th Cir.1986) ("It is not enough that an issue may be 'inferentially suggested by incidental evidence in the record;' the record must indicate that the parties understood that the evidence was aimed at an unpleaded issue"). *Kenda Corp. v. Pot O'Gold Money Leagues, Inc.*, 329 F.3d 216, 232 (1st Cir.2003).

*In re Byers*, 304 B.R. 1(1st Cir. BAP 2004) (emphasis added).

▆▆▆ Prior to *Kenda Corp.*, in *Rauh*, the First Circuit found implied consent to the trial of an unpled claim where the defendant failed to object to evidence the "only conceivable purpose" of which was to establish that issue; conversely, the Court did not find such implied consent where Trustee's evidence failed to alert the opposing party that he was pursuing another unpled claim. *Noonan v. Rauh*, 119 F.3d 46, 53–54 (1st Cir.1997). The failure to object to an introduction of evidence does not imply consent where the evidence is relevant to both pled and unpled issues. *Id.* The bounds of implied consent ensure that an opposing party receives fair notice of the claims against which it must defend.[3]

▆▆ On appeal, the Trustee argued that he pursued the elements of a § 6 claim

---

3. This narrow interpretation of implied consent is not exclusive to the First Circuit; but rather has been established in several circuits. *See e.g., Yellow Freight System, Inc. v. Martin*, 954 F.2d 353, 358 (6th Cir.1992) (holding that implied consent is not established merely one party introduced evidence relevant to an unpleaded issue and the opposing party failed to object); *Wesco Mfg., Inc. v. Tropical Attractions of Palm Beach, Inc.*, 833 F.2d 1484,

1487 (11th Cir.1987) (holding that evidence which is relevant to a pleaded issue as well as an unpleaded issue does not give opposing party adequate notice that the unpleaded issue is entering the case); *Morgan v. Kanak (In re Kanak)*, 85 B.R. 483, 487 (Bankr.N.D.Ill. 1988) (holding that pleadings could not be amended where no evidence offered during trial was outside the issues in the original complaint).

throughout the course of the trial, namely an exchange for less than reasonable value and resulting insolvency. A review of the transcript of the June 19, 2003 trial supports that view. The Trustee raised the issues of exchange for equivalent value and solvency in his opening statement, direct examination and closing statement. Equivalent value and solvency, however, are also relevant issues to a § 5 claim. The receipt of reasonably equivalent value for a transfer is (or may be) a primary element of a § 5 claim. Mass. Gen. Laws, Ch. 109A, § 5(a) (2004). And while insolvency is not a primary element of a § 5 claim, Mass. Gen. Laws, Ch. 109A, § 5(b) explicitly lists insolvency as a relevant factor to be considered:

> (b) In determining actual intent under paragraph (1) of subsection (a), consideration may be given, among other factors, to whether:
>
> . . .
>
> (9) *the debtor was insolvent or became insolvent shortly after the transfer was made or the obligation incurred*

Mass. Gen. Laws, Ch. 109A, § 5(b) (2004) (emphasis added).

Because implied consent to trial of a new claim under Fed. R. Bankr.P. 7015(b) must be grounded on otherwise immaterial evidence which does, or should, alert a party to the opposing party's pursuit of a new claim, this Court cannot find implied consent to the prosecution of an unpled § 6 claim if the evidence proffered by the Trustee was also relevant to the pled § 5 claim.

■ The Trustee further argued on appeal that he had made an express (and unopposed) request in his closing arguments to amend the complaint to: "conform to the evidence to indicate that notwithstanding the transfer out of this property, that this debtor continues to own the property, equitably continues to utilize the property and treat the property as her own." The evidence to which the Trustee sought to conform the complaint, however, was not relevant to any of the factors required to be proved under the unpled § 6 claim. This Court cannot find implied consent to the presentation of a § 6 claim based on the Defendants' failure to object where the "conforming" evidence was only relevant to the already properly pled § 5 claim.

■ Finally, the Court cannot find that either the Complaint in this case or the conduct of the parties during the adversary proceeding supplies the requisite notice to the Defendants that the Trustee was pursuing a § 6 claim. The Complaint referred only to "MGL 109A et seq." The parties' stipulation in conjunction with their initial pretrial conference was no more detailed. That state of affairs may suffice for notice pleading under Fed. R. Bankr.P. 7008 at the time of the filing of a complaint and perhaps even for the purposes of a pretrial conference before the completion of discovery. Immediately before trial, however, a plaintiff ought to know and ought to be compelled to disclose upon what law it relies. Opposing parties are entitled to that information, and all parties are entitled to have their case heard by a judge who has been afforded the opportunity to review the applicable law before entering the courtroom. Occasional pleading and stipulation errors do occur, and Fed. R. Bankr.P. 7015(b) is available to assist where the presentation of the evidence itself ought to have put an opposing party on notice that an unanticipated claim is being presented to the Court. But where the circumstances fail to provide that notice, Fed. R. Bankr.P. 7015(b) is unavailing.

In light of the foregoing, this Court will reinstate its judgment in favor of the Defendants in conformance hereto.

### JUDGMENT

For the reasons set forth in this Court's Memorandum of Decision of even date, this Court reinstates its judgment in favor of the Defendants.